CA NO. 24-3077, 3663, 6045

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | DC NO. 2:22-CR-00482-GW-1 |
| Plaintiff-Appellee, | |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant-Appellant. | |

**MOTION FOR EXTENSION OF TIME TO FILE
APPELLANT'S OPENING BRIEF**

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

HONORABLE GEORGE H. WU
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
HUNTER HANEY
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081
Email: hunter_haney@fd.org

Attorneys for Defendant-Appellant

# MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF

Defendant-Appellant Jerry Nehl Boylan, by and through his attorney of record, Deputy Federal Public Defender Hunter Haney, hereby respectfully moves this Court for an extension of 120 days, or until May 15, 2025, to file his opening brief in this case. This motion is made pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 31-2.2(b). It is based on the attached declaration of counsel, all files and records in this case, and any further information the Court may request.

Counsel for appellee has indicated that the government opposes any extension beyond 14 days. The government does not intend to file a written opposition.

                                                        Respectfully submitted,
                                                        CUAUHTEMOC ORTEGA
                                                        Federal Public Defender

DATED: January 8, 2025          By  s/ *Hunter Haney*
                                                        HUNTER HANEY
                                                        Deputy Federal Public Defender
                                                        Attorney for Defendant-Appellant

## DECLARATION OF HUNTER HANEY

I declare under penalty of perjury that, to the best of my knowledge, the following is true and correct:

I am a Deputy Federal Public Defender with the Federal Public Defender's Office in the Central District of California. I represent Jerry Nehl Boylan as appellant in his appeal from the judgment of conviction, CA No. 23-3077, and as appellee in the government's cross-appeal, CA No. 24-3663. I also represent Mr. Boylan in his newly filed, October 3, 2024 appeal of the amended judgment incorporating the district court's restitution order, CA No. 24-6045.

Mr. Boylan was sentenced to 48 months' imprisonment, but remains at liberty under the terms of his pretrial release after the district court granted him bail pending appeal. The court reporter is not in default with regard to any designated transcripts.

The original due date for the opening brief was August 6, 2024. Mr. Boylan sought and obtained one streamlined extension. On August 29, 2024, Mr. Boylan filed a motion for a 180-day extension of time to March 4, 2025. ECF No. 12. The government opposed that motion, primarily arguing that the "families of [the]

2

victims, as well as the public, deserve a resolution" which cannot occur while Mr. Boylan remains on bail pending appeal. ECF No. 13.1.[1]

The Court granted Mr. Boylan's motion in part, extending the deadline for the opening brief by 132 days to January 15, 2025, and stating that "[a]ny further [extension] motion must show extraordinary and compelling circumstances." ECF No. 15. I am requesting this third extension because, though I have exercised diligence in this and other matters, I will not be able to have the opening brief ready by January 2, 2025, and "extraordinary and compelling circumstances" warrant this further extension of time.

As background, these three appeals stem from Mr. Boylan's conviction of seaman's manslaughter after a 10-day jury trial. The prosecution concerns the *Conception* boat fire, which occurred off the coast of Santa Barbara in 2019 and resulted in the deaths of 34 individuals. The trial was so lengthy and complicated that it required the involvement of both four assistant U.S. attorneys (and one additional assistant U.S. attorney from the Appeals Unit), and four attorneys from my office (one from my office's appeals unit). I was assigned to the case in May 2024, shortly after Mr. Boylan was sentenced, and shortly before the attorney from my office's appeals unit involved in Mr. Boylan's trial resigned his position with

---

[1] The government declined to appeal the district court's grant of bail pending appeal.

3

our office. I had absolutely no prior involvement in this case, and have had to expend a significant amount of time and effort getting up to speed. I am sole appellate counsel to Mr. Boylan, and the transcripts span nearly 4,000 pages and over 530 docket entries (all relating to Mr. Boylan, the sole defendant). The district court dismissed a prior indictment of Mr. Boylan regarding the same incident (C.D.Ca. Dkt. No. 2-20-cr-00600-GW) and that matter also has 86 separate docket entries which have required my review.

    My early involvement in this appeal solely involved assisting with Mr. Boylan's opposed bail-pending-appeal application and contested restitution issues. Because this litigation was vigorously opposed, it required additional time and briefing to resolve, and due to this, as well as the press of other matters detailed below, I was not able to turn my attention to the substance of this appeal for approximately one month after my August 29, 2024 request for an extension.

    Only then was I able to fully grasp the unique complexities of this appeal. As noted in my initial application, the appeal involves a conviction under an infrequently used statute, and I had minimal familiarity with the unique areas of federal maritime and regulatory law prior to this case, and that has required additional resources to get up to speed. The trial also involved matters of scientific complexity, including several *Daubert* motions.

However, at the time of my prior motion, I did not fully appreciate how much time it would take to review the record, assess the appeal, and discharge my duties to Mr. Boylan to provide effective appellate representation. For one, the trial was far more document and multimedia intensive than I anticipated. The government's exhibit list is 58 pages long and designates over 400 exhibits (including separately marked subparts), *see* D. Ct. Dkt. 257, and the defense also designated nearly 200 exhibits of its own. *See* D. Ct. Dkt. 264. More significantly, the exhibits involve subject matters that are largely unfamiliar to me, and have required additional research to contextualize where, for instance, the trial testimony is inadequate to do so. Review of these materials, combined with trial testimony that already implicated unfamiliar subject matters of scientific complexity (the government called three expert witnesses), has dramatically slowed my review. As a result, I have not been able to complete my review of the transcripts, despite making significant progress, as described in further detail below.

Second, at the time of my prior motion, I was only aware of at least two legally viable appellate issues--those that were the subject of Mr. Boylan's bail pending appeal motion--because I had not had the opportunity to meaningfully review the record. By now, however, I have identified dozens (plural) of potentially viable appellate issues, and, although I have not yet completed my

5

review or had the opportunity to consult with my client to narrow those issues, I am confident that this appeal is unusually complex, and to a greater degree than I originally anticipated. Although my ethical obligations prevent me from publicly forecasting the precise issues, I expect that the appeal will implicate more than one issue of first impression in this Court. Therefore, it is imperative that I devote sufficient time to thoroughly researching and briefing those issues, not only to aid this Court in its review of those issues, but to fulfill my ethical duties of effective representation to my client.

Beyond novel issues, it bears noting that one of the *Daubert* motions litigated below is extremely complex in its own right, and continues to require extensive efforts to get up to speed to an extent I was not aware of at the time of my August motion. The challenge to the government's fire reconstruction experts involved two separate motions, totaling 75 pages. *See* D. Ct. Dkts. 126 & 128. The government filed a consolidated, oversized, 37-page opposition brief, *see* D. Ct. Dkt. 156, and the defense a consolidated, oversized, 32-page reply brief. *See* D. Ct. Dkt. 176. Without disclosing the details of these sealed materials, the subject matter is complicated, to say the least, including over 1,000 pages of exhibits. At the heart of the motion are two ATF reports which together consist of 386 single-spaced pages of text, images, and charts that I estimate will require approximately one week, on their own, to adequately review. The motion was revisited at several

6

points during hearings and trial, and the ATF fire origin evidence was the government's primary evidence of causation. Causation was one of the most hotly contested issues at Mr. Boylan's trial, and the district court's erroneous refusal to instruct the jury on "but for" causation was the reason that the court granted bail pending appeal. At the time of my August 2024 motion, I had not yet had an opportunity to review and digest these materials. Now having commenced my review, I have come to the conclusion that this motion practice, in particular, requires additional time for review and consideration.

    The document-intensive nature of this case has, on its own, delayed my review, too. Several of the attorneys and staff assigned to this case within my office have departed the office, and I have had several complications locating and organizing the relevant record materials.[2] After further review of our files in September, and extensive consultation with attorneys and legal support staff in my office, I determined I was unable to locate several sealed records in our files. I thereafter filed an ex parte application to disclose copies of sealed, conformed documents, and the court's complete non-public docket for counsel for purposes of appeal. D. Ct. Dkt. 520. This motion was granted, and I received copies of those records later that month. D. Ct. Dkt. 521. However, the process of attempting to

---

    [2] Additionally, a handful of transcripts were submitted after the due date.

7

locate and ultimately move for disclosure of these documents required extensive additional time in its own right that I could not devote to my substantive review of the record.

Lastly, the district court issued a restitution order and amended judgment on October 2, 2024, which required my review and assessment as to whether to pursue an additional appeal. After completing that review, Mr. Boylan appealed and this Court consolidated that appeal with his two existing appeals. *See* CA9 No. 24-6045. I then ordered and designated transcripts relating to the further proceedings that were conducted relating to restitution, and those transcripts were timely filed on November 6, 2024. D. Ct. Dkt. 531. Each of these circumstances has required additional time that has diverted my attention from reviewing and drafting the appeal of Mr. Boylan's trial conviction.

Simultaneously, my time for review has been limited by my engagement in a number of older pending appeals and other matters pending before this Court and others, and I did not anticipate the complete extent of these obligations at the time of my August 2024 motion. Taking each of these engagements chronologically, after the government's brief was filed in *U.S. v. Ward*, CA10 No. 23-7088, in early September raising several unanticipated legal issues, I devoted extensive time to researching and drafting a motion to strike, court-ordered supplemental briefing, as well as a reply brief in support of that motion later in October. I had to devote my

8

remaining time before my prescheduled annual leave in October to drafting the reply brief in the appeal itself; *Ward* is a complex appeal from a trial conviction in a multi-defendant assault in Indian Country, raising a half-dozen discrete trial, pre-trial, and sentencing issues that required extensive time to research and investigate. The appeal has also required an unusual amount of time getting up to speed on procedures and substantive law in the Tenth Circuit, where I do not ordinarily practice.

I was on prepaid international travel from October 5 through 21, and was unable to work on this or any other appeal during that timeframe, having limited access to the Internet and unable to transport my government-issued laptop internationally. Shortly before departing, I received the government's answering brief in *Gonzalez v. Herrera*, CA9 No. 24-2371, an appeal addressing an important question of statutory interpretation pertaining to the First Step Act of first impression in this Court. Recognizing the Court's preference to schedule the case for oral argument for March 2025, ECF No. 19, I endeavored to file the reply brief in that appeal as expeditiously as possible, and ultimately did so on December 17, 2024, having to respond to several new arguments and research recent developments in the case law that consumed a significant part of my October and November.

9

I also appeared for oral argument in *U.S. v. Hong*, CA9 No. 23-50038, on November 4, 2024. This is another complex trial appeal implicating several issues, and preparation for that argument required my almost exclusive attention from October 22 through November 4. Over the two weeks following the *Hong* argument, I had several other non-case-related obligations for my office that required a significant amount of attention, including organizing a training for new attorneys, and my serving on the office's fall attorney retreat committee, which took place on November 15, 2024. Around that time, I began preparing for oral argument in *U.S. v. Duncan*, CA9 No. 23-2374, a suppression appeal calendared for December 4, 2024, but later taken off calendar. After the convictions in *Hong* and *Duncan* were affirmed in early December, I had to expend significant time counseling those clients regarding their appellate options. I ultimately filed a motion to withdraw as counsel in *Duncan*, and sought and obtained a 60-day extension of time to file a petition for rehearing or rehearing en banc in *Hong*.

Meanwhile, I have been recently assigned several new cases which have diverted my attention from the instant appeals. Although my supervisor has attempted to reduce my assignments so that I can undertake review of the *Boylan* appeals, the caseload demands of my office's appellate unit have required that I be assigned some cases over the last several months. As my prior motion mentioned, *U.S. v. De La Rosa Rios*, CA9 No. 24-4654 involves an appeal from a conviction

and 600-month sentence involving a multi-defendant indictment. Because the district court docket is mostly sealed, the matter continued to require, even after my August 2024 motion, an extensive amount of time seeking and organizing sealed record materials, as well as coordination with counsel for codefendants. The current deadline for Mr. De La Rosa Rios's opening brief is January 21, 2025. However, in an effort to prioritize the deadline in Mr. Boylan's appeals in light of this Court's preference to not grant further extensions, I have not expended any more resources than necessary in reviewing Mr. De La Rosa Rios's appeal, and I anticipate I will need to request an additional extension of time to file Mr. De La Rosa Rios's opening brief as a result.

I was even more recently assigned *U.S. v. Smith*, CA9 No. 24-5276, and *U.S. v. Duran*, CA9 No. 24-6663. *Smith* required an extensive amount of consultation and research throughout October and November, resulting in my office's motion to withdraw due to a conflict of interest (which this Court granted on December 9, 2024). It was important that I prioritize that case's review so that Mr. Smith had the opportunity to be reassigned counsel expeditiously in the event reassignment was warranted (as it, in fact, was). *Duran*, meanwhile, is a felon-in-possession case that required counseling and review to assess if a stay related to the pending en banc proceedings in *United States v. Duarte*, CA9 No. 22-50048, was appropriate, prior to the deadline for the opening brief on January 22, 2025. After

11

undertaking that review, I filed a motion to stay the proceedings on December 30, 2024 and that motion was granted on January 6, 2025.

Furthermore, over the past several months, I have spent significant time engaged in matters at the district-court level. I have participated in the district court proceedings evolving out of the resentencing remand in *U.S. v. Chamberlin*, CA9 No. 23-969 (June 11, 2024). I also expended significant time assisting a trial team in *U.S. v. Juan Carlos Gutierrez*, No. 2:23-cr-00197-SB (C.D. Cal.) with post-trial motions, filed in December 2024, evolving out of a two-week jury trial that took place between June and July.

Consequently, I was not able to make significant progress reviewing the record in these appeals until early last month. In an effort to prioritize these appeals, I did not take any time off over this last month with the sole exception of the Christmas and New Years Day holidays. I worked weekends, as well as several days on which I was otherwise scheduled to be on annual or administrative leave in order to make progress on my review of this case. Despite these good-faith efforts to meet this Court's deadline, I have not yet been able to complete my review, counsel my client, or draft the opening brief. Given the complexity of these three consolidated appeals and the nature of the record, I need an additional 120 days to complete these tasks, and I am certain that any shorter period of time will be inadequate to discharge my duties of effective representation to Mr.

Boylan, as well as my other clients. Most prominently, I will travel to Oklahoma City on February 3 to deliver oral argument in *Ward* the next day, and I expect that oral argument for *Gonzalez* will be calendared by this Court for its March or April Term. I will need one or two weeks to prepare for (including mooting) each of those arguments, and I was not aware of these circumstances at the time of my prior motion for an extension.

      For these reasons, I will not be able to have the opening brief ready by January 15, 2025 despite the exercise of diligence, and believe that extraordinary and compelling circumstances warrant the additional extension of time that I am seeking. A 120-day extension would extend the due date for filing the opening brief to May 15, 2025. This request is only 72 days greater than the deadline I sought in my August 2024 extension motion (*i.e.*, March 4, 2025). I anticipate being able to file the opening brief on or before May 15, 2025.

13

On January 7, 2025, I contacted Assistant United States Attorney Alexander Robbins, counsel for appellee, regarding this motion. Counsel indicated that the government opposes any extension beyond 14 days. The government further indicated that it does not intend to file a written opposition.

Executed on January 8, 2025 in Los Angeles, California.

By  /s/ *Hunter Haney*
      HUNTER HANEY
      Deputy Federal Public Defender

14