**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C.A. Nos. 24-3077, 24-3663 |
| Plaintiff-Appellee, | ) | D.C. No. CR 2:22-482-GW |
| | ) | (Central Dist. Cal.) |
| v. | ) | |
| | ) | **GOVERNMENT'S MOTION** |
| JERRY NEHL BOYLAN, | ) | **FOR RECONSIDERATION** |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

The United States of America respectfully requests reconsideration of the order granting defendant a second extraordinary extension—by either the Appellate Commissioner or by a motions panel of this Court, as appropriate under Cir. R. 27-10(b)(1), (3).

Defendant was a dive-boat captain who killed 34 people through his gross negligence in 2019, five-and-a-half years ago, in one of the worst maritime disasters in California history. He was tried and convicted in late 2023, and was sentenced in spring 2024. He was

sentenced to four years' imprisonment, but he has been out on bond the entire time.[1]

This is defendant's second request for an extraordinarily long extension since filing his notice of appeal in May 2024.  The government partially opposed defendant's first such request in August 2024—where he asked, after taking the streamlined extension, for an additional half-year to file his opening brief, *contra* Cir. R. 31-2.2 (comment.).  In its written opposition, the government explained that an additional 60 or 90 days might be appropriate and within the "normal parameters of appellate practice," but that "the families of defendant's victims, as well as the public, deserve a resolution to this case."  (Dkt. No. 13.) Defendant replied that this Court regularly grants *unopposed*

_____

[1] For further background, *see, e.g.*, Press Release, U.S. Attorney's Office for the Central District of California, "Captain of Santa Barbara-Based Dive Boat that Burned and Sank, Resulting in 34 Deaths, Sentenced to 4 Years in Federal Prison" (May 2, 2024), https://www.justice.gov/usao-cdca/pr/captain-santa-barbara-based-dive-boat-burned-and-sank-resulting-34-deaths-sentenced-4; "'Beyond frustrated': Families of Conception boat fire victims await justice," Ventura Cty. Star (July 19, 2024), https://www.vcstar.com/story/news/crime/2024/07/19/conception-captain-jerry-boylan-conviction-appeal/74442013007.

extensions of up to 180 days. (Dkt. No. 14 at 3-4 (citing examples).) The Court granted most of what defendant asked for, giving him an additional 132 days (September 5 to January 15) and cautioning that no further extensions would be given absent "extraordinary and compelling circumstances." (Dkt. No. 15.)

Now defendant has come back to the Court asking for *another* extraordinary extension of time (Dkt. No. 17)—this one "only" 120 days, or a third of a year—which the government opposed (save for allowing a 14-day last-minute extension as necessary), although it did not file a written opposition because defendant's request was untenable on its face. His purported "extraordinary and compelling circumstances" were ordinary scheduling conflicts and record review.[2] Meanwhile, hanging

---

[2] *See, e.g.*, Dkt. No. 17 at 4 ("I was not able to turn my attention to the substance of this appeal for approximately one month after my August 29, 2024 request for an extension. Only then was I able to fully grasp the unique complexities of this appeal."); *id.* at 8-12 (listing nine "other matters" defense counsel is apparently prioritizing over this case). Defense counsel claims not to have appreciated the amount of time necessary to review the record and prepare the opening brief "at the time of [his] prior motion" for a 180-day extension. *Id.* at 5. But his initial extension request reflects just the opposite: counsel described the

*(footnote cont'd on next page)*

3

in the balance, are the interests of the family members of the 34 victims of defendant's gross negligence and the public in a timely resolution of this appeal—especially in light of defendant's continued bond status while pending appeal and the age-related and health conditions he pointed to in seeking a probationary sentence (which the district court rejected in sentencing him to four years in prison).

As the government pointed out in its opposition to defendant's first six-month extension request (Dkt. 13 Exh. A), the Federal Public Defender's Office represented defendant before and during trial and had an experienced (and very effective) appellate attorney embedded with the trial team. Their office dedicated an enormous amount of resources to the trial, and the legal ground in this case has been extensively plowed. There should be no surprises to the Federal Public Defender's

---

number of docket entries and page count of transcripts relating to the underlying 10-day trial, the existence of several *Daubert* motions, and the legal and scientific issues relating to "federal maritime and regulatory law" counsel would need to consider as part of the appeal. Dkt. No. 12 at 2-3. Counsel also pointed to his overall case load in that initial motion as well. Dkt. No. 12 at 4-6.

Office about the issues to be considered on appeal relating to this single-count, single-defendant case.

Nevertheless, defendant's second extension request was granted—in full this time. It should not have been. Nothing has changed since this Court told defendant to file a brief by January 2025.[3] The families of victims who burned and asphyxiated, trapped in the dark after their ship's captain jumped overboard to save himself, should expect the justice system to move faster than this.

This continued delay is inappropriate and denies them justice.

---

[3] Significantly, defendant's second extension request, which was filed after the Los Angeles wildfires began, said nothing about the fires and did not cite them as a reason more time might be needed.

5

The order granting the extension should be reconsidered and defendant's motion for a second extension to file his opening brief should be denied, allowing him no more than an additional 14 days.

DATED: January 17, 2025        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

s/ *Alexander P. Robbins*

ALEXANDER P. ROBBINS
Deputy Chief, Criminal Appeals Section
Assistant United States Attorney

Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA