IN THE

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | ) C.A. Nos. 24-3077, 24-3663 |
|---|---|
| Plaintiff-Appellee, | ) D.C. No. CR 2:22-482-GW<br>) (Central Dist. Cal.) |
| v. | ) |
| JERRY NEHL BOYLAN, | ) **GOVERNMENT'S REPLY IN**<br>) **SUPPORT OF ITS MOTION**<br>) **FOR RECONSIDERATION** |
| Defendant-Appellant. | ) |

The United States of America hereby replies to appellant-defendant's latest filing in support of a requested 300-day delay.

As noted in its motion, the government elected not to respond in writing to defendant's further motion for delay in order to avoid wasting everyone's time—defense counsel included, who has now written (not counting captions and conclusions) a total of 36 pages in support of his attempt to delay this appeal by a total of 300 days because he is too busy to prioritize this case. (*See* Dkt. No. 12 (5 pages); No. 14 (6 pages); No. 17 (12 pages); No. 20 (13 pages).) The possibility that defense counsel would receive an additional 120 days—after being denied the

full 180 days he asked for previously, and after being told no more without "extraordinary and compelling circumstances" by the Clerk's Office—seemed farfetched.

But the full 120 days was granted anyway, hence this motion for reconsideration. A party before this Court has the right to have an important issue decided by the Appellate Commissioner and, ultimately by a panel of this Court. *See* Cir. R. 27-10(b)(1), (3). This qualifies.

The public and the families of the 34 victims in this case are not before this Court. They have no counsel to vigorously press their interest in reasonably efficient justice before this Court. But their interest is real. *See, e.g.*, *Zedner v. United States*, 547 U.S. 489, 501 (2006); *Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("encouragement of delay is fatal to the vindication of the criminal law"). It is protected by the Constitution, by statute, and by this Court's rules—and should be recognized.

The order granting the extension should be reconsidered and defendant's motion for a second extension to file his opening brief should be denied, allowing him no more than an additional 14 days.

DATED: January 21, 2025        Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

s/ *Alexander P. Robbins*

ALEXANDER P. ROBBINS
Deputy Chief, Criminal Appeals Section
Assistant United States Attorney
Attorneys for Plaintiff-Appellee
UNITED STATES OF AMERICA